## IN THE TWENTIETH JUDICIAL DISTRICT FOR THE STATE OF TENNESSEE
## DAVIDSON COUNTY CIRCUIT COURT, AT NASHVILLE

| | |
|---|---|
| DONALD MUDGETT AND JANIE MUDGETT, | |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | Civil Action File No. _____ |
| INFINITY EXPRESS INC and VITALY STEFANOVICH, | |
| Defendants. | |

### COMPLAINT FOR DAMAGES

COMES NOW DONALD MUDGETT and JANIE MUDGETT, Plaintiffs, and file this Complaint for Damages against Defendants INFINITY EXPRESS INC ("INFINITY") and VITALY STEFANOVICH ("STEFANOVICH") and showing this Honorable Court as follows:

1.

This is an action for personal injury and loss of consortium damages arising out of a motor vehicle collision that took place on September 25, 2021 on Interstate 40 in Nashville, Davidson County, Tennessee.

### PARTIES AND JURISDICTION

2.

DONALD MUDGETT and JANIE MUDGETT are married and are subject to the jurisdiction of this court.

3.

EXHIBIT A

Defendant INFINITY is a corporation that can be served with process through its agent, Vinson Detective Agency, located at 2008 E Magnolia Avenue, Knoxville, TN 37917 and/or by other legal means. Once served with process, Defendant INFINITY will be subject to the jurisdiction and venue of this Court.

4.

At all times material hereto, Defendant INFINITY was and is engaged in business as an interstate motor carrier transporting goods for compensation through Tennessee.

5.

At all times material to this action, Defendant INFINITY was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

6.

At all times material hereto, Defendant INFINITY was and is a motor carrier authorized to operate in the State of Tennessee for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

7.

Defendant STEFANOVICH was operating a commercial vehicle in Tennessee and was involved in the collision described below. He may be served with process at his address located at 1938 82nd Street, Apartment G4, Brooklyn, NY 11214 or by other legal means. Once served with process, Defendant STEFANOVICH will be subject to the jurisdiction and venue of this Court.

8.

2

The collision and all acts from which this lawsuit arises occurred in Nashville, Davidson County, Tennessee.

9.

Venue is proper in this Court pursuant to Tennessee Code Ann. § 20-4-101, because the cause of action arose in Davidson County, Tennessee.

10.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

11.

Defendants are subject to the jurisdiction and venue of this Court.

## FACTS

12.

The following events took place on September 25, 2021 at approximately 2:38 P.M. in the westbound lanes of Interstate 40 in Nashville, Davidson County, Tennessee.

13.

In the area where the subject collision occurred, there are four westbound lanes of Interstate 40.

14.

On September 25, 2021, Defendant STEFANOVICH was operating a tractor-trailer ("the tractor-trailer") heading westbound on Interstate 40 in Nashville, Davidson County, Tennessee.

15.

The tractor being operated by Defendant STEFANOVICH is owned by Defendant INFINITY.

16.

3

The trailer being operated by Defendant STEFANOVICH is owned by Defendant INFINITY.

17.

Defendant STEFANOVICH was operating the tractor-trailer in the second westbound lane from the right ("Lane 2").

18.

At the same time, Plaintiff DONALD MUDGETT was operating his 2006 Lincoln Town Car westbound on Interstate 40 in Nashville, Davidson County, Tennessee.

19.

Plaintiff DONALD MUDGETT was in the second westbound lane from the right ("Lane 2").

20.

Plaintiff DONALD MUDGETT was directly in front of the tractor-trailer being operated by Defendant STEFANOVICH.

21.

Up ahead, traffic began slowing in all four westbound lanes.

22.

Brake lights were visible on numerous vehicles as they slowed down to a stop.

23.

DONALD MUDGETT began slowing down at a normal and controlled pace.

24.

4

DONALD MUDGETT came to a normal stop.

25.

Suddenly and without warning, the tractor-trailer being operated by Defendant STEFANOVICH slammed into the rear of the vehicle being operated by DONALD MUDGETT.

26.

The force of the impact caused DONALD MUDGETT's vehicle to slam into the rear of the vehicle in front of him.

27.

DONALD MUDGETT's vehicle ended up in the right shoulder of Interstate 40 facing the wrong direction.

28.

DONALD MUDGETT suffered serious personal injuries as well as mental and physical pain as a proximate result of the collision described above.

29.

In the moments before the collision, Defendant STEFANOVICH was not operating the tractor-trailer in a reasonable and prudent manner.

30.

Defendant STEFANOVICH failed to keep a proper lookout ahead in the moments leading up to the subject collision.

31.

Defendant STEFANOVICH was following too closely in the moments leading up to the subject collision.

32.

5

Defendant STEFANOVICH was traveling too fast for the conditions present in the moments leading up to the subject collision.

33.

Defendant STEFANOVICH did not appropriately check his surroundings in the moments leading up to the subject collision.

34.

The tractor-trailer was not in proper working order at the time of the subject collision.

35.

Defendants STEFANOVICH and/or INFINITY are solely responsible for causing the subject collision.

36.

DONALD MUDGETT did not cause or contribute to the subject collision.

37.

There is nothing that DONALD MUDGETT could have done to avoid the subject collision.

## **CLAIMS**

## **COUNTS I - III – NEGLIGENCE, GROSS NEGLIGENCE, AND RECKLESSES OF DEFENDANT STEFANOVICH**

38.

Plaintiffs reallege and incorporate herein the allegations contained in the previous paragraphs as if each were fully set forth herein in their entirety.

39.

At all times material hereto, Defendant STEFANOVICH was a professional driver.

40.

6

At all times material hereto, Defendant STEFANOVICH had a commercial driver's license.

### 41.

At all times material hereto, Defendant STEFANOVICH was driving a commercial motor vehicle as defined under federal law and regulations.

### 42.

At all times material hereto, Defendant STEFANOVICH was driving a commercial motor vehicle as defined under Tennessee law and regulations.

### 43.

At all times material hereto, Defendant STEFANOVICH was driving a commercial motor vehicle in interstate commerce.

### 44.

At all times material to this action, Defendant STEFANOVICH had a legal duty to adhere to all Tennessee traffic laws.

### 45.

At all times material to this action, Defendant STEFANOVICH had a legal duty to adhere to Tennessee trucking safety regulations.

### 46.

At all times material to this action, Defendant STEFANOVICH had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

### 47.

7

At all times material to this action, Defendant STEFANOVICH had a legal duty to adhere to trucking industry standards.

48.

At all times material to this action, Defendant STEFANOVICH had a duty to operate the tractor-trailer in a safe and prudent manner.

49.

At all times material to this action, Defendant STEFANOVICH had a legal duty to perform a pre-trip inspection of the tractor-trailer to make sure it was in safe working order.

50.

At all times material to this action, Defendant STEFANOVICH had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of DONALD MUDGETT and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from other vehicles, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

51.

Defendant STEFANOVICH in the operation of the tractor-trailer did the following among other things:

  (a) Failed to keep a proper lookout ahead;

  (b) Followed too closely;

  (c) Failed to check and be aware of his surroundings;

  (d) Failed to drive at a safe and reasonable speed under the conditions;

8

(e) Caused contact to occur between his tractor-trailer and the vehicle being operated by DONALD MUDGETT;

(f) Failed to drive defensively;

(g) Failed to properly inspect the tractor-trailer;

(h) Failed to properly report any maintenance issues with the tractor-trailer to Defendant INFINITY;

(i) Failed to operate the tractor-trailer in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and DONALD MUDGETT in particular, in grave danger;

(j) Failed to adhere to safe driving principles expected of professional drivers;

(k) Failed to operate the tractor-trailer in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

(l) Failed to operate the tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision; and

(m) Otherwise failed to act reasonably and prudently as a professional driver should under the circumstances.

52.

Defendant STEFANOVICH breached his duties and was negligent, grossly negligent, and reckless in at least one or more of the respects described in the paragraph above.

53.

Defendant STEFANOVICH was negligent in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

54.

9

The Subject Collision was the direct and proximate result of the negligence, gross negligence, and recklessness of Defendant STEFANOVICH.

55.

As a direct and proximate result of Defendant STEFANOVICH's negligence, gross negligence, and/or recklessness, DONALD MUDGETT suffered severe personal injuries including without limitation serious orthopedic injuries, permanent disability, permanent physical limitations, and disfigurement.

56.

As a direct and proximate result of Defendant STEFANOVICH's negligence, gross negligence, and/or recklessness, DONALD MUDGETT incurred special damages and general damages.

57.

As a direct and proximate result of Defendant STEFANOVICH's negligence, gross negligence, and/or recklessness, JANIE MUDGETT incurred loss of consortium damages.

58.

Defendant STEFANOVICH is liable to Plaintiffs for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiffs as a direct and proximate result of his negligence, gross negligence, and/or recklessness.

## COUNT IV –NEGLIGENCE *PER SE* OF DEFENDANT STEFANOVICH

59.

Plaintiffs reallege and incorporate herein the allegations contained in the previous paragraphs as if each were fully set forth herein in their entirety.

60.

10

Additionally, Defendant STEFANOVICH violated Tennessee law in the operation of the tractor-trailer in the following ways and by violation of the following statutes:

(a) Following too closely in violation of Tenn. Code Ann. § 55-8-124;

(b) Failing to exercise due care in the operation of the tractor-trailer in violation of Tenn. Code Ann. § 55-8-136;

(c) Failing to exercise due care in operating the tractor-trailer which resulted in serious bodily injury in violation of Tenn. Code Ann. § 55-8-197; and

(d) Driving the tractor-trailer in willful and wanton disregard for the safety of persons and property in violation of Tenn. Code Annotated § 55-10-205.

61.

Defendant STEFANOVICH was negligent *per se* in the ways described above and was otherwise negligent *per se* as shall be added by amendment or proven at trial.

62.

The Subject Collision was the direct and proximate result of the *negligence per se* of Defendant STEFANOVICH.

63.

As a direct and proximate result of Defendant STEFANOVICH's negligence *per se*, DONALD MUDGETT suffered severe personal injuries including without limitation serious orthopedic injuries, permanent disability, permanent physical limitations, and disfigurement.

64.

As a direct and proximate result of Defendant STEFANOVICH's negligence *per se*, DONALD MUDGETT incurred special damages and general damages.

65.

11

As a direct and proximate result of Defendant STEFANOVICH's negligence *per se*, JANIE MUDGETT incurred loss of consortium damages.

66.

Defendant STEFANOVICH is liable to Plaintiffs for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiffs.

**COUNT V: *RESPONDEAT SUPERIOR* AGAINST DEFENDANT INFINITY**

67.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

68.

At all times material hereto, Defendant STEFANOVICH was an employee of Defendant INFINITY.

69.

At all times material hereto, Defendant STEFANOVICH was acting within the course and scope of his employment with Defendant INFINITY.

70.

At all times material hereto, Defendant STEFANOVICH was an agent of Defendant INFINITY.

71.

At all times material hereto, Defendant STEFANOVICH was acting within the course and scope of his agency with Defendant INFINITY.

72.

12

EFILED 10/07/21 09:04 PM CASE NO. 21C1741 Richard R. Rooker, Clerk

At all times material hereto, Defendant STEFANOVICH was operating a commercial vehicle owned by Defendant INFINITY.

73.

At all times material hereto, Defendant STEFANOVICH was operating a commercial vehicle exclusively controlled by Defendant INFINITY.

74.

At all times material hereto, Defendant STEFANOVICH was operating a commercial vehicle under the motor carrier authority of Defendant INFINITY.

75.

At all times material hereto, Defendant STEFANOVICH was operating a commercial vehicle in furtherance of the business and financial interests of Defendant INFINITY.

76.

Defendant INFINITY is liable for the negligent actions and omissions of Defendant STEFANOVICH pursuant to the doctrine of *respondeat superior* and/or the rules of agency.

77.

As a direct and proximate result of Defendant STEFANOVICH's negligence for which Defendant INFINITY is liable, DONALD MUDGETT suffered severe personal injuries including without limitation serious orthopedic injuries, permanent disability, permanent physical limitations, and disfigurement.

78.

As a direct and proximate result of Defendant STEFANOVICH's negligence for which Defendant INFINITY is liable, DONALD MUDGETT incurred special and general damages.

13

79.

As a direct and proximate result of Defendant STEFANOVICH's negligence for which Defendant INFINITY is liable, JANIE MUDGETT incurred loss of consortium damages.

80.

Defendant INFINITY is liable to Plaintiffs for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiffs as a direct and proximate result of his negligence.

## COUNTS VI - IX: NEGLIGENCE, NEGLIGENCE *PER SE*, GROSS NEGLIGENCE, AND RECKLESSESNESS OF DEFENDANT INFINITY

81.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

82.

At all relevant times, Defendant INFINITY was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

83.

At all relevant times, Defendant INFINITY was a motor carrier as defined by Tennessee law.

84.

14

At all relevant times, Defendant INFINITY had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

85.

At all relevant times, Defendant INFINITY had a legal duty to comply with Tennessee law and trucking safety regulations.

86.

At all relevant times, Defendant INFINITY had a legal duty to comply with all trucking industry standards and practices.

87.

As an employer and motor carrier, Defendant INFINITY had a duty to act in a reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising and retaining of Defendant STEFANOVICH.

88.

Defendant INFINITY breached the aforementioned duties and was negligent, negligent *per se*, grossly negligent, and/or reckless in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant STEFANOVICH.

89.

Defendant INFINITY had a duty to take reasonable steps to make sure its equipment including the tractor-trailer being operated by STEFANOVICH was in proper working order and condition.

90.

15

Defendant INFINITY breached the aforementioned duties and was negligent, negligent *per se*, grossly negligent, and/or reckless to the extent the subject collision was caused by a mechanical defect or poor maintenance in the tractor-trailer being operated by INFINITY.

91.

Defendant INFINITY was negligent, negligent *per se*, grossly negligent, and/or reckless in the ways described above and/or otherwise as shall be added by amendment or proven at trial.

92.

The Subject Collision was the direct and proximate result of the negligence, negligence *per se*, gross negligence, and/or recklessness of Defendant INFINITY.

93.

As a direct and proximate result of Defendant INFINITY'S negligence, negligence per se, gross negligence, and/or recklessness, DONALD MUDGETT suffered severe personal injuries including without limitation serious orthopedic injuries, permanent disability, permanent physical limitations, and disfigurement.

94.

As a direct and proximate result of Defendant INFINITY'S negligence, negligence per se, gross negligence, and/or recklessness, DONALD MUDGETT incurred special and general damages.

95.

As a direct and proximate result of Defendant INFINITY'S negligence, negligence per se, gross negligence, and/or recklessness, JANIE MUDGETT incurred loss of consortium damages.

96.

16

COPY

Defendant INFINITY is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiffs in this case.

## DAMAGES

97.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

98.

As a proximate result of the negligence, negligence *per se*, gross negligence, and/or recklessness of Defendants STEFANOVICH and/or INFINITY, Plaintiff DONALD MUDGETT suffered severe personal injuries including without limitation serious orthopedic injuries, permanent disability, permanent physical limitations, and disfigurement.

99.

As a proximate result of the negligence, negligence *per se*, gross negligence, and/or recklessness of Defendants STEFANOVICH and/or INFINITY, Plaintiff DONALD MUDGETT has endured and will continue to endure pain and suffering, including but not limited to, actual physical pain and suffering, mental anguish, interference with his normal living, interference with his enjoyment of life, loss of his capacity to labor and earn money, disability, disfigurement, impairment of his body's health and vigor, fear of the extent of his injuries, limitations on his activities, and limitations on his independence.

100.

As a proximate result of the negligence, negligence *per se*, gross negligence, and/or recklessness of Defendants STEFANOVICH and/or INFINITY, Plaintiff DONALD MUDGETT

EFILED 10/07/21 09:04 PM CASE NO. 21C1741 Richard R. Rooker, Clerk

has incurred past medical expenses and will continue to incur medical expenses in the future related to this collision.

101.

As a proximate result of the negligence, negligence *per se*, gross negligence, and/or recklessness of Defendants STEFANOVICH and/or INFINITY, Plaintiff DONALD MUDGETT has incurred past lost wages and will continue to incur lost wages in the future related to this collision.

102.

As a proximate result of the negligence, negligence *per se*, gross negligence, and/or recklessness of Defendants STEFANOVICH and/or INFINITY, Plaintiff DONALD MUDGETT has incurred past lost business income and will continue to incur lost business income in the future related to this collision.

103.

As a proximate result of the negligence, negligence *per se*, gross negligence, and/or recklessness of Defendants STEFANOVICH and/or INFINITY, JANIE MUDGETT incurred loss of consortium damages.

104.

Defendants are liable to Plaintiffs for all injuries and damages allowed by law including all past and future damages set forth above.

<strong><u>COUNT IX: PUNITIVE DAMAGES</u></strong>

105.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

18

106.

The actions of Defendants STEFANOVICH and/or INFINITY were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

107.

Accordingly, Defendants STEFANOVICH and/or INFINITY are liable to Plaintiffs for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future

**WHEREFORE**, Plaintiffs pray that they have a jury trial on all issues and obtain a judgment against Defendants and the following relief:

a. A trial by jury;

b. For Summons and Complaint to be issued against each Defendant;

c. That Plaintiffs recover past and future economic/special damages in an amount to be proven at trial;

b. That Plaintiffs recover for past and future noneconomic/general damages including but not limited to those for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover their reasonable attorney fees and expenses in an amount to be proven at trial;

d. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury;

19

e.      That Plaintiffs be awarded judgment against Defendants in the amount of five

million dollars ($5,000,000.00) for bodily injuries, permanent disabilities, physical

pain and suffering, mental anguish, past and future medical bills/expenses, past and

future lost wages/lost business income, loss of ability to labor and earn a living,

impairment of future earning capacity, wrongful deprivation of his ability to enjoy

life, and loss of consortium; and

f.      That Plaintiffs recover such other and further relief as is just and proper.

This __7th__ day of October, 2021.


LAW OFFICE OF MARC WALWYN

Marc Walwyn
Tennessee Bar No. 22431
412 Georgia Avenue, Suite 102
Chattanooga, TN 37403
Telephone:    (423) 954-7266
Facsimile:    (423) 763-1615
Email:        marc@walwynlegal.com


HARRY MILLER

_____ w/permission
Harry W. Miller, III
Tennessee Bar No. 015583
6650 E Brainerd Road, Suite 200
Chattanooga, TN 37421
Telephone:    (423) 771-4357
Facsimile:    (423) 206-2301
Email: harry@securedisabilitylaw.com

*Attorneys for Plaintiffs*

20



| DAVIDSON COUNTY<br>Circuit Court<br>257281 | RETURN OF SERVICE | CIVIL ACTION<br>DOCKET NO. 21C1741 |
| --- | --- | --- |

| PLAINTIFF<br>MUDGETT, DONALD | DEFENDANT<br>vs. INFINITY EXPRESS INC. |
| --- | --- |

SERVICE DOCUMENT: SUMMONS COMM. INS.-D3 W/C

TO:   UNITED SPECIALTY
      NAIC #12537 C/O COMM OF INS
      NASHVILLE, TN 37248

**OFFICER'S RETURN:**

☑  Executed and/or Served on  UNITED SPECIALTY  in the following manner:

   Service, Personal

   **Comment:** COMM OF INS

   **Court Date:**

☐  **Unable to Execute and/or Serve:** _____

   **Comment:**

   **DATE OF SERVICE:**  10/14/2021

   DARON HALL, SHERIFF

   BY: _____ /s/ Robert Harris _____
   Deputy Sheriff
   P. O. Box 196383, Nashville, TN 37219-6383

Rev. 06/02/2020

COPY

## AFFIDAVIT OF NON-SERVICE

| Case: 21C1741 | Court: STATE OF TENNESSEE DAVIDSON COUNTY NASHVILLE, TENNESSEE | County: DAVIDSON | Job: 6228639 |
|---|---|---|---|
| Plaintiff / Petitioner: MUDGETT, DONALD , et al. | | Defendant / Respondent: INFINITY EXPRESS INC. | |
| Received by: Process Service PA LLC | | For: Fried Goldberg LLC | |
| To be served upon: INFINITY EXPRESS INC. | | | |

I, Blair Johnson, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | INFINITY EXPRESS INC., Company: 18 Fir Dr, Richboro, PA 18954 |
|---|---|
| Manner of Service: | Bad Address |
| Documents: | CIRCUIT COURT SUMMONS; COMPLAINT FOR DAMAGES; 58 pages (Received Oct 13, 2021 at 1:12pm EDT) |

**Additional Comments:**
1) Unsuccessful Attempt: Oct 14, 2021, 3:52 pm EDT at Company: 18 Fir Dr, Richboro, PA 18954
This address is a residence, homeowner did not know infinity express

_____                    10/16/2021
Blair Johnson                                Date

Process Service PA LLC
4387 West Swamp Road Suite 207
Doylestown, Pa 18902
2153785928

EFILED 10/19/21 02:02 PM CASE NO. 21C1741 Richard R. Rooker, Clerk

COPY

**CIRCUIT COURT SUMMONS**                                   NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 257281

MUDGETT, DONALD , et al.

                                                    **Plaintiff**

vs.

UNITED SPECIALTY
NAIC #12537
C/O COMM OF INS
NASHVILLE, TN 37248

                                                    **Defendant**

CIVIL ACTION
DOCKET NO. 21C1741
Method of Service:
    Commissioner Of Insurance

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                        RICHARD R. ROOKER
                                        Circuit Court Clerk
                                        Davidson County, Tennessee

ISSUED:  10/12/2021

                            By: _____

                                        Deputy Clerk
                                 _____

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

MARC WALWYN
412 GEORGIA AVENUE STE 102
CHATTANOOGA, TN 37403

---

**NOTICE TO THE DEFENDANT:**
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

RECEIVED BY D.C.S.O.

2021 OCT 13 PM 12: 50

                                                                rev. 09/01/2018

COPY

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵗʰ JUDICIAL DISTRICT

Service ID 257281

MUDGETT, DONALD , et al.

|  |  |
|---|---|
|  | **CIVIL ACTION**<br>**DOCKET NO. 21C1741**<br>Method of Service:<br>  Commissioner Of Insurance |

Plaintiff

vs.

UNITED SPECIALTY
NAIC #12537
C/O COMM OF INS
NASHVILLE, TN 37248

Defendant

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ OCT 1 4 2021 _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ SERVED BY LEAVING COPY in the following manner:
_____ W / COMM OF INS. _____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____

Sheriff/Process Server
**Deputy Robert Harris**
Davidson County Sheriff's Office
P.O. Box 196383 Nashville, TN. 37219-6383

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

**rev. 09/01/2018**

COPY

**CIRCUIT COURT SUMMONS**                                        NASHVILLE, TENNESSEE

Alias Summons

Service ID 258478

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20ᵀᴴ JUDICIAL DISTRICT

CIVIL ACTION
DOCKET NO. 21C1741
Method of Service:
   Personal Service

MUDGETT, DONALD

Plaintiff

vs.

INFINITY EXPRESS INC., c/o MITCHELL & ASSOCIATES
4100 WESTGATE DRIVE
KNOXVILLE, TN 37921

Defendant

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the __21st__ day of __OCTOBER__ , 20_21_ , I:

✔ served this Summons and Complaint/Petition on __Vivian Mitchell of Mitchell & Assoc.__ in the following manner:
Personal service by delivery to Vivian Mitchell (aka Vivian Bumgardner) at her place of business.

_____ failed to serve this Summons within 90 days after its issuance because _____

_____

Sheriff/Process Server

**Attorney Marc A. Walwyn, BPR 22431**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

**Sworn to and subscribed before me this 22nd day of October, 2021**

Notary Public
My Commission Expires: _05/19/2024_

AVERY FISHER
STATE OF
TENNESSEE
NOTARY
PUBLIC
HAMILTON COUNTY
MY COMMISSION EXPIRES 5-19-2024

COPY

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 258478

Alias Summons

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

MUDGETT, DONALD

                                                    Plaintiff

vs.

INFINITY EXPRESS INC.
4813 N BROADWAY
KNOXVILLE, TN 37918

                                                    Defendant

CIVIL ACTION
DOCKET NO. 21C1741
Method of Service:
    Personal Service

*Service ID 258478*

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 10/19/2021

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

_____
Deputy Clerk

**ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:**

MARC WALWYN
412 GEORGIA AVENUE STE 102
CHATTANOOGA, TN 37403

**NOTICE TO THE DEFENDANT:**
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

EFILED 10/19/21 02:10 PM CASE NO. 21C1741 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Alias Summons

Service ID 258478

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

MUDGETT, DONALD

Plaintiff

vs.

INFINITY EXPRESS INC.
4813 N BROADWAY
KNOXVILLE, TN 37918

Defendant

CIVIL ACTION
DOCKET NO. 21C1741
Method of Service:
  Personal Service

Service ID 258478

### RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:
_____

_____ failed to serve this Summons within 90 days after its issuance because _____
_____

_____
                                                          Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

COPY

Fried Goldberg LLC
Suitable Age Service

**20TH JUDICIAL DISTRICT, STATE OF TENNESSEE DAVIDSON COUNTY**

**AFFIDAVIT OF SERVICE**

Index No : 21C1741
Date of Purchase: **10/11/2021**

| Plaintiff(s): | **MUDGETT, DONALD, et al.** |
|---|---|
| Defendant(s): | **INFINITY EXPRESS INC, ET AL.** |

STATE OF NEW YORK COUNTY OF KINGS      ss.:

**Mahmoud Nassar**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of New York.

On **10/19/2021** at **8:28 PM**, I served the within **CIRCUIT COURT SUMMONS, COMPLAINT FOR DAMAGES, PLAINTIFFS FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT VITALY STEFANOVICH, PLAINTIFFS FIRST INTERROGATORIES TO DEFENDANT VITALY STEFANOVICH, AND PLAINTIFFS FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VITALY STEFANOVICH** on **VITALY STEFANOVICH** at **1938 82ND STREET APT G4, BROOKLYN, NY 11214** in the manner indicated below:

By delivering thereat a true copy of each to **Artur, CO-OCCUPANT** a person of suitable age and discretion. Said premises is recipient's dwelling house (usual place of abode) within the state.

A description of the person documents were left with is as follows:

| Sex | Skin/Race | Hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Male** | **White** | **Black** | **40-55** | **5ft 4in - 5ft 8in** | **181-200 lbs.** |
| Other Features: | | | | | |

Upon information and belief, Defendant(s) is not active in the U.S. Military Service in any capacity. No specific active military information was provided by the person spoken to when questioned during service and I observed no indication during completion of this service that Defendant(s) is active military.

On **10/20/2021** service was completed by mailing a true copy of the above documents to the above address which is **Defendant(s)'s** dwelling house (usual place of abode), in a first-class, postpaid properly addressed envelope marked 'personal and confidential' and did not indicate on the outside thereof by return address or otherwise that the communication was from an attorney or concerned an action against the Defendant(s) from a depository under the exclusive care and custody of the United States Post Office in the State of New York or, if not served in New York State, within the State in which the service occurred.

Sworn to and subscribed before me on
10/20/2021

X _____
ANNAS NASSAR
Notary Public, State of New York
No. 01NA6387330
Qualified in Kings County
Commission Expires 02/11/2023

X _____
Mahmoud Nassar
License#: 2066935
SERVE INDEX LLC
PO Box 90105
Brooklyn, NY 11209
1-888-994-6339
DCA License#: 2083663
Job #: **1902136**





CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Alias Summons

# STATE OF TENNESSEE
# DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 258478

MUDGETT, DONALD

CIVIL ACTION
DOCKET NO. 21C1741
Method of Service:
  Personal Service

Plaintiff

vs.

INFINITY EXPRESS INC., c/o MITCHELL & ASSOCIATES
4100 WESTGATE DRIVE
KNOXVILLE, TN 37921

Defendant

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the ____21st____ day of _____OCTOBER_____, 20 _21_, I:

✓ served this Summons and Complaint/Petition on __Vivian Mitchell of Mitchell & Assoc.__ in the following manner: __Personal service by delivery to Vivian Mitchell (aka Vivian Bumgardner) at her place of business.__

_____ failed to serve this Summons within 90 days after its issuance because _____

_____

Sheriff/Process Server

**Attorney Marc A. Walwyn, BPR 22431**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

**Sworn to and subscribed before me this 22nd day of October, 2021**

**Notary Public**
**My Commission Expires:** _05/19/2024_

AVERY FISHER
STATE OF
TENNESSEE
NOTARY
PUBLIC
HAMILTON COUNTY
MY COMMISSION EXPIRES 5-19-2024

rev. 09/01/2018

Fried Goldberg LLC
Suitable Age Service

**20TH JUDICIAL DISTRICT, STATE OF TENNESSEE DAVIDSON COUNTY**

**AFFIDAVIT OF SERVICE**

Index No : 21C1741
Date of Purchase: 10/11/2021

| Plaintiff(s): | **MUDGETT, DONALD, et al.** |
|---|---|
| Defendant(s): | **INFINITY EXPRESS INC, ET AL.** |

STATE OF NEW YORK COUNTY OF KINGS     ss.:

**Mahmoud Nassar**, the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the state of New York.

On **10/19/2021** at **8:28 PM**, I served the within **CIRCUIT COURT SUMMONS, COMPLAINT FOR DAMAGES, PLAINTIFFS FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT VITALY STEFANOVICH, PLAINTIFFS FIRST INTERROGATORIES TO DEFENDANT VITALY STEFANOVICH, AND PLAINTIFFS FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VITALY STEFANOVICH** on **VITALY STEFANOVICH** at **1938 82ND STREET APT G4, BROOKLYN, NY 11214** in the manner indicated below:

By delivering thereat a true copy of each to **Artur, CO-OCCUPANT** a person of suitable age and discretion. Said premises is recipient's dwelling house (usual place of abode) within the state.

A description of the person documents were left with is as follows:

| Sex | Skin/Race | Hair | Age | Height | Weight |
|---|---|---|---|---|---|
| **Male** | **White** | **Black** | **40-55** | **5ft 4in - 5ft 8in** | **181-200 lbs.** |
| Other Features: | | | | | |

Upon information and belief, Defendant(s) is not active in the U.S. Military Service in any capacity. No specific active military information was provided by the person spoken to when questioned during service and I observed no indication during completion of this service that Defendant(s) is active military.

On **10/20/2021** service was completed by mailing a true copy of the above documents to the above address which is **Defendant(s)'s** dwelling house (usual place of abode), in a first-class, postpaid properly addressed envelope marked 'personal and confidential' and did not indicate on the outside thereof by return address or otherwise that the communication was from an attorney or concerned an action against the Defendant(s) from a depository under the exclusive care and custody of the United States Post Office in the State of New York or, if not served in New York State, within the State in which the service occurred.

Sworn to and subscribed before me on
10/20/2021

X _____
**ANNAS NASSAR**
Notary Public, State of New York
No. 01NA6387330
Qualified in Kings County
Commission Expires 02/11/2023

X _____
Mahmoud Nassar
License#: 2066935
SERVE INDEX LLC
PO Box 90105
Brooklyn, NY 11209
1-888-994-6339
DCA License#: 2083663
Job #: **1902136**

**\*1902136\***



COPY

CIRCUIT COURT SUMMONS                                    NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 257138

MUDGETT, DONALD , et al.

                                                        CIVIL ACTION
                                                        DOCKET NO. 21C1741
                                                        Method of Service:
                                                          Certified Mail
                                              Plaintiff

vs.

INFINITY EXPRESS INC.
18 FIR DRIVE
RICHBORO, PA 18954

                                              Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _12th_ day of _Oct_, 20_21_, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 21C1741 to the Defendant, INFINITY EXPRESS INC. . On the _21st_ day of _Oct_, 20_21_, I received the return receipt for said registered or certified mail, which had been signed by _JB  RT2_ on the _16th_ day of _Oct_, 20_21_. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

                                              _____
                                              PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER
SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON                                        AUTHORIZED BY STATUTE TO SERVE PROCESS
_25_ DAY OF _October_, 20_21_.

X_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _12/29/21_

[Notary Seal: LINDSAY WESTOVER, STATE OF TENNESSEE, NOTARY PUBLIC, HAMILTON COUNTY]

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

                                                        rev. 09/01/2018

COPY

USPS TRACKING #

PHILADELPHIA PA 190
18 OCT 2021 PM 6 L

9590 9402 3555 7305 4235 83

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

**SECURE DISABILITY LAW**
**6650 E. Brainerd Rd, Suite 200**
**Chattanooga, TN 37421**

RE: Infinity Express

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  JB  RJ 21  ☑ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>C19  10/16/21<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br><br>Infinity Express Inc.<br>18 Fir Dr.<br>Richboro, PA 18954 | |
| 9590 9402 3555 7305 4235 83 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7019 0700 0001 1451 8446 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.741.1670, FX - 615.532.2788**
**Service.Process@tn.gov**

October 19, 2021

United Specialty Insurance Company
P O Box 24622, % Teresa Cinelli
Fort Worth, TX 76124
NAIC # 12537

Certified Mail
Return Receipt Requested
7019 1120 0000 4181 7961
Cashier # 213495

Re:    Donald Mudgett Et Al  V.   United Specialty Insurance Company

Docket # 21C1741

To Whom It May Concern

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served October 15, 2021, on your behalf in connection with th above-styled proceeding. Documentation relating to the subject is herein enclosed.

Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Davidson County
    1 Public Square, Room 302
    Nashville, Tn 37219-6303

EFILED 10/28/21 09:53 AM CASE NO. 21C1741 Richard R. Rooker, Clerk
EFILED 10/12/21 10:29 AM CASE NO. 21C1741 Richard R. Rooker, Clerk

**CIRCUIT COURT SUMMONS**          **NASHVILLE, TENNESSEE**

# STATE OF TENNESSEE
# DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 257281

|  |  |
|---|---|
| | CIVIL ACTION |
| | DOCKET NO. 21C1741 |
| | Method of Service: |
| | Commissioner Of Insurance |

MUDGETT, DONALD , et al.

                                      **Plaintiff**

vs.

UNITED SPECIALTY
NAIC #12537
C/O COMM OF INS
NASHVILLE, TN 37248

                                      **Defendant**

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 10/12/2021

                                        **RICHARD R. ROOKER**
                                            Circuit Court Clerk
                                       Davidson County, Tennessee

By: _____

                                        Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

MARC WALWYN
412 GEORGIA AVENUE STE 102
CHATTANOOGA, TN 37403

---

**NOTICE TO THE DEFENDANT:**
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018

CIRCUIT COURT SUMMONS                                              NASHVILLE, TENNESSEE

Service ID 259979

# STATE OF TENNESSEE
# DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

MUDGETT, DONALD

                                      **Plaintiff**

vs.

ERIE INSURANCE
NAIC #26271
C/O COMM OF INS
NASHVILLE, TN 37248

                                        **Defendant**

CIVIL ACTION
DOCKET NO. 21C1741
Method of Service:
    Commissioner Of Insurance

Service ID 259979

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 10/28/2021

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
MARC WALWYN
412 GEORGIA AVENUE STE 102
CHATTANOOGA, TN 37403

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 259979

MUDGETT, DONALD

Plaintiff

vs.

ERIE INSURANCE
NAIC #26271
C/O COMM OF INS
NASHVILLE, TN 37248

Defendant

CIVIL ACTION
DOCKET NO. 21C1741
Method of Service:
   Commissioner Of Insurance

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____day of _____ _____ _____, 20___, I:

_____ served this Summons and Complaint/Petition on _____ in the following manner:

_____

_____ failed to serve this Summons within 90 days after its issuance because _____

_____

_____

Sheriff/Process Server

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

Service ID 257130

MUDGETT, DONALD , et al.

Plaintiff

| | CIVIL ACTION
| | DOCKET NO. 21C1741
| | Method of Service:
| | Certified Mail

vs.

STEFANOVICH, VITALY
1938 82ND STREET APARTMENT G4
BROOKLYN, NY 11214

Defendant

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the ___12ᵗʰ___ day of ___Oct___, 20_21_, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 21C1741 to the Defendant, STEFANOVICH, VITALY . On the ___1ˢᵗ___ day of ___Nov___, 20_21_, I received the return receipt for said registered or certified mail, which had been signed by ___illegible___ on the ___20ᵗʰ___ day of ___October___, 20_21_. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER
AUTHORIZED BY STATUTE TO SERVE PROCESS

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS
PERSON
_1_ DAY OF ___November___, 20_21_.

_____
✓ NOTARY PUBLIC or ___ DEPUTY CLERK
MY COMMISSION EXPIRES: _12_ _29_ _21_

(seal: LINDSAY WESTOVER / STATE OF TENNESSEE / NOTARY PUBLIC / HAMILTON COUNTY)

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018



9590 9402 3555 7305 4235 90

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

### SECURE DISABILITY LAW
### 6650 E. Brainerd Rd, Suite 200
### Chattanooga, TN 37421

RE: V. Stefanovich

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Stefanovich, Vitaly
1938 82nd St., Apt. G4
Brooklyn, NY 11214

9590 9402 3555 7305 4235 90

2. Article Number (Transfer from service label)

7019 0700 0001 1451 8453

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
☐ Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

---

## Track Another Package +

Remove ✕

**Tracking Number:** 70190700000114518453

Your item was picked up at the post office at 12:43 pm on October 27, 2021 in BROOKLYN, NY 11214.

## ✓ Delivered, Individual Picked Up at Post Office

October 27, 2021 at 12:43 pm
BROOKLYN, NY 11214

**Get Updates** ∨

---

**Text & Email Updates**                                                    ∨

---

**Tracking History**                                                        ∧

**October 27, 2021, 12:43 pm**
Delivered, Individual Picked Up at Post Office
BROOKLYN, NY 11214
Your item was picked up at the post office at 12:43 pm on October 27, 2021 in BROOKLYN, NY 11214.

Reminder to Schedule Redelivery of your item

**October 15, 2021, 4:52 pm**
Notice Left (No Authorized Recipient Available)
BROOKLYN, NY 11214

E-FILED 11/01/21 03:29 PM CASE NO. 21C1741 Richard R. Rooker, Clerk

**October 15, 2021, 4:40 am**
Departed USPS Regional Destination Facility
BROOKLYN NY DISTRIBUTION CENTER

**October 14, 2021, 2:30 pm**
Arrived at USPS Regional Destination Facility
BROOKLYN NY DISTRIBUTION CENTER

**October 13, 2021**
In Transit to Next Facility

**October 12, 2021, 11:58 pm**
Arrived at USPS Regional Origin Facility
CHATTANOOGA TN DISTRIBUTION CENTER

**October 12, 2021, 5:11 pm**
Departed Post Office
CHATTANOOGA, TN 37421

**October 12, 2021, 4:52 pm**
USPS in possession of item
CHATTANOOGA, TN 37421

**Product Information**  ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

| DAVIDSON COUNTY<br>Circuit Court<br>259979 | RETURN OF SERVICE | CIVIL ACTION<br>DOCKET NO. 21C1741 |
|---|---|---|

| PLAINTIFF<br>MUDGETT, DONALD | DEFENDANT<br>vs. INFINITY EXPRESS INC. |
|---|---|

SERVICE DOCUMENT: SUMMONS COMM. INS.-D4 W/C

TO: ERIE INSURANCE
NAIC #26271
NASHVILLE, TN 37248

**OFFICER'S RETURN:**

☑ Executed and/or Served on <u>ERIE INSURANCE</u> in the following manner:

Service, Personal

   Comment: COMM OF INS

   Court Date:

☐ Unable to Execute and/or Serve: _____

   Comment:

DATE OF SERVICE: 11/03/2021

DARON HALL, SHERIFF

BY: _____/s/ Robert Harris_____
Deputy Sheriff
P. O. Box 196383, Nashville, TN 37219-6383

Rev. 06/02/2020

EFILED 11/04/21 12:22 PM CASE NO. 21C1741 Richard R. Rooker, Clerk
EFILED 10/28/21 09:29 AM CASE NO. 21C1741 Richard R. Rooker, Clerk

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE



Service ID 259979

**STATE OF TENNESSEE
DAVIDSON COUNTY
20ᵀᴴ JUDICIAL DISTRICT**

Service ID 259979

MUDGETT, DONALD

Plaintiff

vs.

ERIE INSURANCE
NAIC #26271
C/O COMM OF INS
NASHVILLE, TN 37248

Defendant

CIVIL ACTION
DOCKET NO. 21C1741
Method of Service:
Commissioner Of Insurance

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 10/28/2021

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

MARC WALWYN
412 GEORGIA AVENUE STE 102
CHATTANOOGA, TN 37403

**NOTICE TO THE DEFENDANT:**
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and need not to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

RECEIVED BY D.C.S.O.
2021 OCT 29 PM 1: 45

rev. 09/01/2018

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
# DAVIDSON COUNTY
## 20™ JUDICIAL DISTRICT

Service ID 259979

MUDGETT, DONALD

|  | CIVIL ACTION |
|---|---|
| Plaintiff | DOCKET NO. 21C1741 |
|  | Method of Service: |
|  | Commissioner Of Insurance |

vs.

ERIE INSURANCE
NAIC #26271
C/O COMM OF INS
NASHVILLE, TN 37248

Defendant

Service ID 259979

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of __NOV 0 3 2021__, 20___, I:

_____ served this Summons and Complaint/Petition on _SERVED BY LEAVING COPY_ in the following manner: _W / COMM OF INS._

_____ failed to serve this Summons within 90 days after its issuance because _____

Deputy Robert Harris
Sheriff/Process Server
Davidson County Sheriff's Office
P.O. Box 196383 Nashville, TN. 37219-6383

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309

rev. 09/01/2018